On Return to Remand

McMILLAN, Judge.
This cause was remanded, 655 So.2d 46, for the trial court to resentence the appellant, Larry D. Burrell, and to state its reasons for denying his remaining claims. The trial court’s return states that on remand the appellant was resentenced to life imprisonment without parole on his conviction for burglary in the first degree and to life imprisonment on his conviction for assault in the second degree and that the sentences were to run concurrently. In addition, the trial court reinstated the fine, assessments, and restitution imposed in its original order. The trial court’s return further states that before the resentencing, the State again notified the appellant of its intent to invoke the Habitual Felony Offender Act and provided him with copies of at least six prior felony *48 convictions, certified copies of which were introduced at the sentencing hearing on remand.
With regard to the appellant’s claim that his trial counsel had been ineffective, the trial court conducted an evidentiary hearing and found the claim to be without merit. Specifically, the trial court found as follows: (1) On his claim that trial counsel failed to move for a continuance so that counsel could adequately prepare a defense, the appellant failed to identify the specific claims that his counsel allegedly should have investigated and witnesses counsel should have interviewed. (2) On his claim that counsel failed to obtain an adverse ruling on the denial of the continuance, the appellant failed to demonstrate that any additional preparation or investigation of his case was necessary. (3) On the appellant’s claim that counsel failed to obtain a presentence report, the trial court found that counsel was aware of the appellant’s prior criminal history and the minimum sentence that could be imposed under the Habitual Felony Offender Act. (4) On the appellant’s claim that counsel failed to object to lack of proper notice and proof with regard to the use of prior convictions for purposes of sentencing him as a habitual offender, the trial court found that the claim was moot.
Because the record indicates that the appellant has now been properly sentenced and because his claim of ineffective assistance of counsel does not meet the test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur except MONTIEL, J., recuses.